Thank you, Your Honor. Good afternoon. I am Jameson Edsel, and I am here on behalf of Appellant Katie Van. If I may, I'd like to request three minutes for rebuttal. That's fine, counsel. Just watch the clock as it counts down. That'll be fine. Thank you. And may it please the Court, the District Court's dismissal of Appellant Van's Article 3. The Article 3 standing inquiry is not a question of quantum, and there is no Supreme Court precedent setting a threshold. In fact, the majority of the Supreme Court's precedent on this has recognized that even a small trifle or a dispute as much as worth a dollar is enough to satisfy Article 3's requirements. Katie Van here experienced a conversion of $500 and change worth of her money when the appellee, Lula Rowe, misapplied, intentionally, sales tax to some of the purchases that she made. In dismissing her claim based on the de minimis doctrine, though, the District Court cited only to a handful of unreported District Court decisions that are mostly distinguishable and that they did not involve the type of invasion of a legally protected right that has been so traditionally recognized in common law the way that Katie Van's claim has been. And as we identified in our briefs, there's a large number of cases on conversion, cases on fraudulent practices, that when money is taken from somebody, they've suffered an injury right then and there. They've lost the ability to possess and use that money the way they see fit. That's an Article 3 injury standing alone. And beyond that, we even quantified it to the extent we could to the District Court, that her loss to use the money over the roughly year or so that it was out of her possession would have been worth at least a few dollars in interest, even by the most in which the whole sum of money was out of her possession. Counsel, can I ask this? Under Alaska law, if there had not been a refund of the principal sum owed, right, and the case went forward and you proved up the loss, what would you have to show under Alaska law in order to get something above and beyond just a return of the principal? I believe, based on the cases that we cited and reviewed, I believe you're still entitled to the return of the full principal amount and you're still entitled to interest on top of that. And I'm only addressing the conversion claim. In addition to that, we also brought a claim under the Alaska Unfair Trade Practices Act. And I believe there, if she did prevail on her claim, she'd be entitled to at least $500 worth of statutory damages. Put the statutory damages aside and let's focus on the common law conversion claim. So you don't need to prove anything in terms of what, for example, your client would have done with the money had she had it all along? You just get a fixed rate of interest that the law provides for? Is that what it is? So yeah, our position is she doesn't need to allege what she would have done with the money. I mean, that's basically unheard of in the federal pleading standards. If you've been damaged, you need to allege the facts supporting the damage. Counsel, just let me stop you. I'm talking about, forget about pleading. The case had gone forward. There had never been a refund. I'm just trying to figure out, what does Alaska law, at the end of the case, if they wanted to prove up damages, what would you need to show in order to recover something beyond just the principal amount that they would have? Yeah, so I think she would need to show when the money was charged to her, taken from her, and how long it was out of her possession in order to get to interest in addition to the principal. So I think all she would need to show is the dispossession and how long it was. So the Alaska law provides for a fixed rate of interest for the lost value of the money not being in your hands? That's what I'm trying to figure out as part of this. Right. So in the district court, we referred to the, there is an Alaska statute that provides, I think it may refer to pre-judgment interest. But I think we use that as a proxy as to what would be recoverable. Right off the top of my head, I'm not certain for sure, because it's a common law claim. I'm not sure exactly how Alaska courts always calculate interest. But the cases that we cited do stand for the proposition that interest is available. The method, again, I don't know exactly off the top of my head, other than the statute that we cited to in the district court. There's a footnote for that, that I could also try to bring up when I'm here on the phone. Counsel, I couldn't hear your last comment. Forgive me. Oh, I just said, with relation to Judge Rockford's comment, I can, when I come back for rebuttal, I can try to bring the footnote that we cited in the district court papers referring to how we got to the statutory interest rate. So, counsel, is there anything that a potential defendant or a company could do to avoid litigation in these circumstances? If they refund the principal to a person like Ms. Van, what else do they have to do to not face litigation? Is there any safe harbor for them, or are they subject to litigation once the conversion occurs? So, our position would be that, at a minimum, they'd have to pay the interest. They'd have to pay some measure of interest. And in a case involving statutory damages like this, perhaps they'd have to pay the statutory damages as well. And I'm drawing a little bit from Mootniff's principle, because it's a little unusual to encounter a situation here where it's characterized that the plaintiff received a refund prior to litigation. There's a few cases that we discussed in briefs back and forth, but usually this comes up in a mootness context. And if it's an argument about mootness, the analysis is whether the plaintiff has received everything that they demanded, everything they could hope to obtain. In the context of pre-litigation, all I can say is that, at a minimum, they would at least have had to pay to compensate her for the lawsuits. And is there any point at which the amount at issue would be so small that you wouldn't think there was Article III standing? I mean, a penny, a fraction of a penny? Is there any line that we can draw? I would concede that if it's a fraction of a penny and there's no other type of injury, the court wouldn't be able to issue any kind of relief. There wouldn't be an ability to issue judgments for less than a fraction of a cent. But on that note, I do also want to point out that when you have an invasion of a possessory interest like this, I think there's Article III injury, regardless of the amount, period. Because there's a lot of cases where you could allege an intentional trespass, get nominal damages, maybe even get punitive damages if it's found to be a truly egregious invasion. The law will recognize damages beyond just the pure dollars and cents. And I think our plaintiff has that here. She lost the use of her money for over a year. And as we allege in the complaint, it was an intentional invasion. So that's something that courts and juries often are able to consider when deciding on a national relief. Wait a minute, excuse me. On that point, again, I'm just having a little bit of trouble hearing on it. I'm not sure I got that last point. You said that juries consider the intentional conduct? If you get down to damages, if we've proven up the claim, I'm referring here a little more to trespass-like claims, not specifically our conversion claim or our Alaskan Unfair Trade Practices Act. But just to make the general point that beyond a fraction of a cent, you can still have a claim where a plaintiff's property interests have been removed. That was the only point I was trying to make there. Okay. You said you wanted to reserve three minutes. You're down to about one and a half. Do you want to reserve? Yeah, I'll just stop here. Okay, that's fine. We'll hear from opposing counsel. Good afternoon, Your Honors. Todd Lundell on behalf of the LuLaRoe defendants. So this case is about, the rule Ms. Vann asked this court to adopt in this case is that any time a party has been temporarily deprived of money or property, they necessarily suffer an injury in fact, even if that money or property has been returned, regardless of any other circumstances. And I want to use my limited time today to emphasize at least three reasons why this court did not adopt this rule. First, Mr. Vann's argument confuses potential remedies with actual injury. Second, I want to discuss how the specific allegations in this case belie Ms. Vann's assertion that she has suffered any actual injury. And third, I want to discuss the implication of Ms. Vann's assertion that it is possible in many cases for companies to avoid lawsuits by proactively correcting innocent errors with refunds. Can I start with your third point first? Forgive me, but can I start with the third point first? Because there's nothing novel about a request for pre-judgment interest. So why not just pay them pre-judgment interest on the loss of use for this minor amount? Well, I think what we heard, a few answers to that state, is that even that wouldn't be enough because there's been an invasion of property interest. So their claim is even a refund with interest. The second point is the amount of interest is also in dispute. They use a statutory rate. There are different statutory rates for different types of claims. No claim had been asserted. So you could, you know, use some sort of general interest, sort of amount of interest. But it wouldn't avoid a lawsuit. We would still be, in this court, facing a lawsuit alleging various evasions of interest. The other thing is it's important to remember the context here. Sales taxes are really, really complex. There are 10,000 different, as the Supreme Court recognized, 10,000 different taxing jurisdictions, all with different interests. And Ms. Vann was just one customer in one of those 10,000 jurisdictions. So to determine the remedy alone was an extremely complex process for LuLaRoe to engage in. And they went to overwhelming efforts to make their customers whole. But what's the amount of interest that would be required? Ms. Vann, for example, had 164 separate transactions. And she's alleged, she's alleging now $3 in potential interest. So LuLaRoe, I suppose, could have added two cents on top of every, the average two cents of each transaction. But there's no real basis for LuLaRoe to calculate that interest rate. And so it would be really hard. I mean, there's, we cited this court to a number of cases, a long list of cases where businesses had provided refunds. Cases involving everything from underpriced credit cards to refunds for purchased products, and even a case that involved improperly assessed taxes. And in each of those cases, the courts held the plaintiff had no injury, in fact, because their money had been refunded. And if this court adopts the rule and be able to bring their lawsuit. Counselor, what's your answer to the question I posed to your opponent? If the case had gone forward, you had not paid a refund. What, in your view, does Alaska law require her to show in order to cover some kind of interest or some amount of money in addition to return of the principal? So the cases don't specify a precise amount of interest, which is part of the problem in LuLaRoe trying to refund. The plaintiff's counsel cited an Alaska Supreme Court case involving a crane where the crane was converted. And the Supreme Court held that in that context, the former owner of the crane was entitled to the value of the crane plus interest on that value. What that interest was, what rate it was, was not specified in the Supreme Court's order. So it's difficult for LuLaRoe, certainly from the perspective of trying to make this case unfold, sort of at the outset decide what the amount of interest would be. But that also emphasizes my first point, which is that remedies are not the same as actual injury. And in this case, Ms. Vann's complaint seeks damages for three categories of things, interest, statutory penalties, and punitive. And we know that statutory penalties and punitive damages have nothing to do with a plaintiff's injury. They're not intended to compensate for any specific injury by the plaintiff. In fact, the model during instructions of the Ninth Circuit explicitly stated punitive damages may not be awarded to compensate a plaintiff. So the interest remedy is really quite similar. And it's true that the interest is often conceptualized as compensating for the abstract lost time value. I can see that. But the law doesn't tailor the pre-judgment interest remedy to the precise injury suffered by any particular plaintiff. Here Ms. Vann asserts that she's entitled to interest calculated by the statutory interest rate. But that rate doesn't vary between plaintiffs. And it does vary among states. It's a statutory remedy that the legislature has provided. The law allows if a plaintiff has otherwise been injured, if not tailored to the specific injury of any particular case. So simply by saying, I might recover interest if I were to prevail on a claim, even if that were true. And I don't think it necessarily is. We don't have cases where the converted property is a fungible asset like that. But even if it were, the fact that she might be entitled to interest as a remedy does not show an actual injury in fact. Well, I guess I don't view it that way, to be honest. It seems to me the law, probably going back to England, has recognized compensation for the time value of money or property that's been converted has always been bound up as part of the claim itself. It's just part of the compensatory damages that you as a plaintiff are entitled to if you prove that they're wrong. And so it seems to me if Alaska law provides as part of the cause of action for recovery of this component of her damages, and she has not received that from you, you don't dispute that. It seems to me there is something that she stands to gain by pursuing the lawsuit. It might be small in your view, it might be insignificant. But I think the district court was plainly wrong in dismissing the case on that ground. And so I guess I'm not sure what you're left with at that point. It's not the equivalent of the statutory damages where I grant if the plaintiff had shown no injury whatsoever, and the law just said, kind of as a liquidated damages measure, you get $500 for every wrong you suffered. I grant you that that's different. But this seems to me to be she's just trying to recover the actual compensatory damages owed on the wrong that you committed against her. Well, let me see if I can use an example to distinguish between damages, a recovery of damages and an injury in fact. And we'll use a LuLaRoe customer who uses a debit card to purchase $1,000 worth of clothing. And that debit card is linked to a non-interest bearing checking account that has say $10,000. And she buys $1,000 worth of clothing, there's a $50 charge of sales tax that LuLaRoe refunds five months later. And in that five months, that $10,000 non-interest bearing checking account, it varies from, you know, she uses it so it varies, but it never dips below $6,000 or $7,000. The question is, did she suffer an injury in fact by not having that $50 during those four or five months? Not that you're left with the answer. Why isn't the answer plainly yes? Well, I think there's to go in as Judge Watford has re-engaged you that it's a simple question. It may have refunded the amount and I don't think that's disputed, but why isn't this, I'll just give you one more chance, why isn't this just a simple matter of compensating for the loss of use of that money for whatever period of time she didn't have the money? Because I guess what I'm suggesting is it's not an injury in fact, even if it were recoverable as a type of damages, similar to statutory damages. Why not? Because it would not have borne interest during that time because we've conceded it was in a non-interest bearing account. It would not, she didn't, she wasn't prevented from using, she had plenty of money during that. She wasn't prevented from buying any specific services. It's just money that would have sat in a non-interest bearing account for the four or five months and was returned to her. She did not know it was missing. So it's not. What you're suggesting is that your view of whether that has value determines whether she had an injury because the use of her money was taken. Whatever she chose to do with her $50 is her right. And when she doesn't have access to the $50, I agree with Judge Watford and Judge Christin, that seems like a pretty straightforward injury in the deprivation of the loss of your property or your money. You're just saying, well, she may not have even known it was gone or she hasn't shown what she would do with it. That doesn't seem to have any bearing on it. Do you have another reason why that's not a pretty standard injury? Well, again, I come back to the fact that it's got to be a concrete injury in fact, not just an item of recoverable damage like punitive damages or statutory damage, but a concrete injury in fact. And in that sort of circumstance, it's just, it's not my view of the value of her money. And we're not offering a rule that interest could never be established as an injury in fact. Our rule is the one that we cite in the number of cases that say simple allegation of standing alone of interest is not enough to establish. She alleged the lost time value of money. Interest is the remedy, but she alleges the damage that she had the lost use of her money. So I guess I'm not buying your argument. I understand why you're drawing this distinction and saying she had to somehow tell you exactly how much interest she would have made or how she would have invested it. The point is that she has some of money that was not available to her and it was her money. And the question is, did she suffer an injury in fact by not having that money available to her for a short period of time? That is the question, not whether there's a damages remedy available for that, but whether she suffered a concrete, non-hypothetical, non-conjectural injury in fact. We've got your argument. We've taken you substantially over your time. Did you want to wrap up? I didn't mean to stop you mid-sentence. No, I just wanted to emphasize that our rule we're asking the court to dock is not a broad but case specific. It looks at the allegations of the complaint and determines whether there's an allegation that shows that there was in fact an injury by the deprivation of lost use of money during a small period of time. Thank you, counsel. Counsel, you saved a minute and a half for rebuttal. Yes, just very quickly, your honor. It is the concrete injury. The lost use of property is a concrete injury. And for that proposition, we hammered in our reply brief, but we have the 11th circuit, the DC circuit, the 7th circuit. They've all addressed that in three similar situations, or at least just they've addressed the abstract concept that lost time value money is a concrete injury. And there really are no cases that Lula Roa has identified with that much weight. A circuit level case that said, no, this is not an injury. In fact, when somebody loses access to their money for six months. So that's really the only point I'd like to make on rebuttal is that there is a remedy and it's also an injury. Do either of my colleagues have any additional questions? Thank you. If there's nothing further, we'll submit that case. Thank you both for your helpful arguments.
judges: Christen, Watford, Bade